1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

STRIKE 3 HOLDINGS, LLC,

Case No. 19-cv-01104-EMC

8

Plaintiff,

9

v.

10

JOHN DOE SUBSCRIBER ASSIGNED IP
ADDRESS 73.71.176.191,

11

Defendant.

12

**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE**

Docket No. 7

13
14

Plaintiff Strike 3 Holdings produces and owns the copyrights for adult motion pictures

15

featured on its subscription-based websites. Plaintiff alleges that Doe Defendant, currently

16

identified only by his IP address 73.71.176.191, infringed on those copyrights by downloading and

17

distributing Plaintiff's motion pictures. Plaintiff asks the Court for leave to serve a Rule 45

18

subpoena on non-party Comcast Cable Communications, LLC ("Comcast Cable"), Defendant's

19

internet service provider ("ISP"), to find out Defendant's identity. Because Plaintiff has

20

demonstrated that good cause exists to allow it to serve the subpoena, the Court **GRANTS**

21

Plaintiff's application.

22

**I.      ANALYSIS**

23

A.      Legal Standard

24

A court may authorize early discovery before the parties have conferred as required by

25

Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d). In the Ninth Circuit, courts use

26

the "good cause" standard to determine whether discovery should be allowed to proceed prior to a

27

Rule 26(f) conference. *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at

28

*3 (N.D. Cal. Sept. 3, 2008). Good cause may be found where the need for expedited discovery,

1    in consideration of the administration of justice, outweighs the prejudice to the responding

2    party. *Id.*; *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002).

3         To determine whether a plaintiff has established good cause to learn the identity of a Doe

4    defendant through early discovery, courts examine whether the plaintiff:

5         (1) identifies the Doe defendant with sufficient specificity that the court can determine that

6              the defendant is a real person who can be sued in federal court,

7         (2) recounts the steps taken to locate and identify the defendant,

8         (3) demonstrates that the action can withstand a motion to dismiss, and

9         (4) shows that the discovery is reasonably likely to lead to identifying information that will

10             permit service of process.

11   *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999) (citations omitted

12   and line breaks added).

13        As a court in this District has explained:

14             In Internet infringement cases, courts routinely find good cause
               exists to issue a Rule 45 subpoena to discover a Doe defendant's
15             identity, prior to a Rule 26(f) conference, where a plaintiff makes a
               prima facie showing of infringement, there is no other way to
16             identify the Doe defendant, and there is a risk an ISP will destroy its
               logs prior to the conference. This is because, in considering "the
17             administration of justice," early discovery avoids ongoing,
               continuous harm to the infringed party and there is no other way to
18             advance the litigation. As for the defendant, there is no prejudice
               where the discovery request is narrowly tailored to only seek their
19             identity. Thus, Courts routinely find the balance favors granting a
               plaintiff leave to take early discovery.
20

21   *UMG Recordings*, 2008 WL 4104214, at *3–4 (citations omitted).

22   B.   Good Cause

23        Here, Plaintiff has established all four of the *seescandy* factors, and accordingly has

24   demonstrated good cause for the Court to allow early discovery of the Doe Defendant's identity.

25        First, Plaintiff has identified the Doe Defendant with sufficient specificity that the Court

26   can determine that Defendant is a real person who can be sued in federal court. "A plaintiff may

27   show that a defendant is a real person or entity by providing evidence of specific acts of

28   misconduct that could only have been perpetrated by actual people, as opposed to a mechanical

2

1     process." *Distinct Media Ltd. v. Doe Defendants 1-50*, No. CV 15- 03312 NC, 2015 WL

2     13389609, at \*2 (N.D. Cal. Sept. 29, 2015) (citation and internal quotation marks omitted). Here,

3     Plaintiff alleges that Defendant downloaded 113 of its copyrighted works without authorization

4     and distributed them over an extended period via BitTorrent. Compl. ¶ 4. "[B]ut for the Doe

5     Defendant directing his or her BitTorrent client to download the torrent file, the alleged

6     infringement would not have occurred." Mot. at 9. In other words, it requires a real person to

7     initiate the act of downloading a file via BitTorrent, so Defendant is likely a real person who

8     perpetrated the alleged infringing acts at the identified IP address. Plaintiff has also used the

9     established "Maxmind" geolocation technology to twice trace Defendant's IP address to a physical

10    location within this District. Compl. ¶ 9; *see Criminal Prods., Inc. v. Doe-72.192.163.220*, No.

11    16-CV-2589 WQH (JLB), 2016 WL 6822186, at \*3 (S.D. Cal. Nov. 18, 2016) (citing in part "the

12    documented success of the Maxmind geolocation service" to support the finding that plaintiff

13    showed that a particular IP address corresponds to a physical address). This gives the Court

14    personal jurisdiction over Defendant and over Plaintiff's federal copyright claim. *See Strike 3*

15    *Holdings, LLC v. Doe*, No. 18-CV-4988-LB, 2018 WL 4587185, at \*2 (N.D. Cal. Sept. 24, 2018).

16         Second, Plaintiff has recounted the previous steps it has taken to locate and identify the

17    Doe Defendant. Plaintiff hired a forensic investigator, IPP, to verify using unique file hashes that

18    Defendant downloaded and distributed Plaintiff's motion pictures through his IP address. Compl.

19    ¶¶ 25–30. Plaintiff then used geolocation technology to trace that IP address to this District. *Id.*

20    ¶ 9. However, Plaintiff cannot deduce Defendant's true name and other identifying information

21    from his IP address alone. Only Comcast Cable, Defendant's ISP, can provide that information.

22    *Id.* ¶ 5. Thus, Plaintiff has "made a good faith effort to identify and locate the Defendant." *Strike*

23    *3 Holdings, LLC v. Doe*, No. 18CV47-WQH (RBB), 2018 WL 1427002, at \*4 (S.D. Cal. Mar. 22,

24    2018).

25         Third, Plaintiff has demonstrated that its copyright claim can withstand a motion to

26    dismiss. A plaintiff "must satisfy two requirements to present a prima facie case of direct

27    infringement: (1) [it] must show ownership of the allegedly infringed material and (2) [it] must

28    demonstrate that the alleged infringers violate at least one exclusive right granted to copyright

1   holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th

2   Cir. 2007) (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)); *see*

3   17 U.S.C. § 501(a). Under 17 U.S.C. § 106, a copyright holder has the exclusive rights to

4   reproduce, distribute, publicly display, perform, and create derivative works of the copyrighted

5   work. Here, Plaintiff alleges that it owns valid copyrights in the motion pictures, and that

6   Defendant reproduced and distributed the motion pictures without authorization. Compl. ¶¶ 4, 28,

7   32; *see* Docket No. 8. Thus, Plaintiffs have sufficiently alleged a prima facie case of direct

8   copyright infringement.[1] *See UMG Recordings*, 2008 WL 4104214, at *5. Moreover, the Court

9   has subject matter jurisdiction over this copyright action under 28 U.S.C. 1338(a) as well as

10  personal jurisdiction over Defendant since his IP address is tied to a physical location in this

11  District. *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (holding that a plaintiff need

12  only make a "prima facie showing of jurisdictional facts" to survive a motion to dismiss for lack

13  of personal jurisdiction). Venue is also proper. *See Brayton Purcell LLP v. Recordon &*

14  *Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010) (holding that in copyright infringement actions, 28

15  U.S.C. § 1400(a) "allow[s] venue in any judicial district where, if treated as a separate state, the

16  defendant would be subject to personal jurisdiction.").

17      Fourth, Plaintiff has shown that the subpoena it seeks is reasonably likely to lead to

18  identifying information that will permit service of process on the Doe Defendant. Plaintiff has

19  used the American Registry for Internet Numbers to identify Comcast Cable as the ISP that owns

20  Defendant's IP address. Docket No. 7-1, Exh. D (Declaration of Susan B. Stalzer) ¶ 11. Thus,

21  Comcast Cable is able to provide information regarding Defendant's true identity based on his IP

22  address. Compl. ¶ 5. The subpoena will only seek Defendant's name and address; with this

23  information, Plaintiff will be able to effectuate service on Defendant pursuant to Federal Rule of

24

25  [1] The Court notes, however, that in granting this motion, it is neither precluding the Doe
    Defendant from filing a motion to dismiss under Rule 12(b)(6) nor prejudging any such motion.
26  The Court also advises Plaintiff that, upon obtaining the name and address of the Doe Defendant,
    it has a Rule 11 obligation to determine whether to proceed with the lawsuit and, in that regard, it
27  should be mindful of the Ninth Circuit's recent holding that "a bare allegation that a defendant is
    the registered subscriber of an Internet Protocol ("IP") address associated with infringing activity
28  is [in]sufficient to state a claim for direct or contributory infringement." *Cobbler Nevada, LLC v.
    Gonzales*, 901 F.3d 1142, 1144 (9th Cir. 2018).

4

1    Civil Procedure 4(a) and (e).

2          In addition to satisfying the *seescandy* factors, Plaintiff has also established that "there is

3    no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to

4    the [Rule 26(f)] conference." *UMG Recordings*, 2008 WL 4104214, at \*4.  With respect to the

5    former, Plaintiff alleges that Defendant has been infringing on its copyrighted works

6    anonymously, and that only Comcast Cable can link Defendant's IP address to his actual name

7    and physical address.  Compl. ¶¶ 5, 13; Docket No. 7-1, Exh. C (Declaration of Philip Pasquale)

8    ¶ 10.  With respect to the latter, Plaintiff asserts that ISPs tend to "only retain [IP address logs] for

9    a limited period of time."  Mot. at 8.  This means that, without early discovery, Comcast Cable

10   may inadvertently destroy the data that would allow Plaintiff to identify Defendant.  *See id.*

11         In sum, Plaintiff has shown that its need for expedited discovery, in consideration of the

12   administration of justice, outweighs the prejudice to the Doe Defendant.  *See Semitool*, 208 F.R.D.

13   at 275–77.

14   C.    Protective Order

15         "[U]nder Rule 26(c), the Court may *sua sponte* grant a protective order for good cause

16   shown." *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).  Several

17   considerations in this case counsel in favor of a protective order to preserve Defendant's privacy,

18   and Plaintiff does not oppose such an order.  *See* Mot. at 13.

19         First, courts in this District have repeatedly cautioned that "the ISP subscribers [unveiled

20   by a subpoena] may not be the individuals who infringed upon Strike 3 Holdings's copyright,"

21   since, for example, another person may be using the ISP subscriber's IP address to download files.

22   *Strike 3 Holdings*, 2018 WL 4587185, at \*3 (collecting cases).  Second, allowing a defendant to

23   proceed pseudonymously is appropriate where "necessary to preserve privacy in a matter of a

24   sensitive and highly personal nature," and an "allegation that an individual illegally downloaded

25   adult motion pictures likely goes to matters of a sensitive and highly personal nature." *Id.*

26         In view of the potential implication of an innocent third party, and the sensitivity of the

27   subject matter of the suit, the Court orders that Strike 3 Holdings shall not publicly disclose any of

28   Defendant's identifying information until further order of this Court and is forewarned that in

5

1  order to preserve this protective order, Defendant must promptly (within 30 days from the date of

2  service) file a motion under seal with this Court to be allowed to proceed in this litigation

3  anonymously.

4                              **II.       CONCLUSION**

5          For the foregoing reasons, the Court **GRANTS** Plaintiff's motion.

6          It is hereby **ORDERED** that Plaintiff may immediately serve a Rule 45 subpoena on

7  Comcast Cable to obtain the true name and address of the Doe Defendant at IP address

8  73.71.176.191.  A copy of this Order must be attached to the subpoena, and any information

9  disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely for the purpose

10  of serving Defendant and prosecuting the claims asserted in the complaint.

11          **It is further ORDERED** that Comcast Cable will have 30 days from the date of service

12  upon it to serve the Doe Defendant with a copy of the subpoena and a copy of this Order.

13          **It is further ORDERED** that the Doe Defendant will have 30 days from the date of

14  service upon him to file any motions contesting the subpoena with this Court.  If that 30-day

15  period lapses without the Doe Defendant contesting the subpoena, Comcast Cable shall produce

16  the information responsive to the subpoena to Plaintiff within 10 days.

17          **It is further ORDERED** that Plaintiff shall not publicly disclose any of the Doe

18  Defendant's identifying information until further order of this Court.  The Doe Defendant may file

19  a motion with the Court for leave to proceed anonymously.  The Doe Defendant will have 30 days

20  from the date of service upon him to file such a motion.  He may file the motion under seal.

21          This order disposes of Docket No. 7.

22

23          **IT IS SO ORDERED**.

24

25  Dated: April 15, 2019

26

27  _____
       EDWARD M. CHEN
28     United States District Judge

6